**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Mornyngstarr Bernard, | No. CV 12-1992-PHX-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Valley Street Jail, | |
| Defendant. | |

Plaintiff Bryan Mornyngstarr Bernard, who is confined in the Yuma County Detention Center, filed a *pro se* civil rights Complaint. In an October 26, 2012 Order, the Court dismissed the Complaint with leave to amend on the court-approved form and required Plaintiff to pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*. On October 30, 2012, Plaintiff filed an Amended Complaint (Doc. 5) and a deficient Application to Proceed *In Forma Pauperis* (Doc. 4). The Court will transfer this action to the United States District Court for the District of New Hampshire.

Title 28 U.S.C. § 1391(b) provides that a civil action in which jurisdiction is not based on diversity may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1  In this case (which is not based in diversity jurisdiction), the named Defendant does not reside in the State of Arizona. The sole Defendant is located in the State of New Hampshire, and the events giving rise to the claims asserted in the Amended Complaint occurred in New Hampshire. Accordingly, venue is not proper in this District.

Pursuant to 28 U.S.C. § 1406(a), the Court "of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision to transfer under section 1404(a) lies within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In the interest of justice, the Court will transfer this case to the United States District Court for the District of New Hampshire.

**IT IS ORDERED** the Clerk of Court must transfer this action to the United States District Court for the District of New Hampshire.

DATED this 21st day of December, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge